IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re JRV Group USA L.P., | : Chapter 11 |
| Debtor. | : Case No. 19-11095 (KBO) |
| RC JRV Trust Co. LLC, in its capacity as Trustee of the Liquidation Trust of JRV Group USA L.P., | : Adv. No. 21-51161 (KBO) |
| Plaintiff, | : |
| v. | : Misc. No. 22-120 (CFC) |
| Barnes & Thornburg LLP, et al., | : |
| Defendants. | : |

## MEMORANDUM ORDER

At Wilmington this Twenty-fourth day of August 2022:

Before the Court is a motion for leave (D.I. 1, 3) ("Motion for Leave"), filed by Barnes & Thornburg LLP ("B&T"), defendant in the above-captioned adversary proceeding, seeking leave to appeal the Bankruptcy Court's interlocutory order dated February 24, 2022 (D.I. 1-3) ("Order"), pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004. The Order denied without prejudice B&T's motion to dismiss (Adv. D.I. 4)[1] ("Motion to Dismiss") the adversary complaint filed by RCJRV Trust Co. LLC (the "Trustee"), in its capacity as Trustee of the Liquidation

---

[1] The docket of the adversary proceeding, captioned *RC JRV Trust Co. LLC. v. Barnes & Thornburg LLP*, Adv. No. 21-51161 (KBO) (Bankr. D. Del.), is cited herein as "Adv. D.I._," and the docket of the chapter 11 case, captioned *In re JRV Group USA L.P.*, No. 19-11095 (KBO) (Bankr. D. Del.), is cited herein as "B.D.I. _."

1

Trust of JRV Group US L.P. ("Debtor"), and (ii) granted the Trustee an extension of the expired deadline to properly effectuate service of process in accordance with Federal Rule of Civil Procedure 4, as made applicable to the adversary proceeding by Federal Rule of Bankruptcy Procedure 7004. The Court has considered the Trustee's response. (D.I. 2). No party requested oral argument. For the reasons set forth below, B&T's Motion for Leave is granted in part and denied in part.

1. **Background.** On May 13, 2019 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. On the Petition Date, the Debtor also filed its *Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 and Fed. R. Bankr. P. 2002, 4001, 6004 and 9014 (i) Authorizing Debtor to Obtain Senior Secured, Superproriority, Postpetition Financing, (ii) Granting Liens and Superpriority Claims, (iii) Approving Use of Cash Collateral of Prepetition Lenders, (iv) Granting Adequate Protection to Prepetition Lenders, (v) Modifying the Automatic Stay, (vi) Scheduling Final Hearing, and (vii) Granting Related Relief* (B.D.I. 7) (the "DIP Motion"). Paragraph 12(a) of the DIP Motion designates Debtor's prepetition secured lenders as JRV Group Holding USA L.P. ("Holding") and Corner Flag LLC (the "Prepetition Lenders"). Prior to and after the Petition Date, B&T represented Holding as its attorneys.

2. Based on certain representations in the DIP Motion, the Debtor released any claims or causes of action against any of the Prepetition Lenders or any of their respective affiliates, subsidiaries, agents, officers, directors, shareholders, employees,

2

members, managers, agents, attorneys, advisors, professionals, predecessors in interest, successors and assigns (solely in their respective capacities as such) (collectively, the "Prepetition Released Parties"). On May 15, 2019, the Bankruptcy Court entered an interim order granting the DIP Motion (B.D.I. 29) (the "Interim DIP Order"). On August 4, 2020, the Bankruptcy Court entered the final order granting the DIP Motion (B.D.I. 473) (the "Final DIP Order"). The Final DIP Order reaffirms the stipulations, waivers, and releases contained in the DIP Motion (Final DIP Order at 6–12) and provides that such stipulations, waivers, and releases would not become effective until "the effective date of a chapter 11 plan." (*Id.* at 35).

3. On August 6, 2020, the Debtor filed a notice with the Bankruptcy Court (B.D.I. 474) identifying August 5, 2020, as the "Effective Date" of the Debtor's chapter 11 plan of liquidation.

4. On September 14, 2021, the Trustee filed its *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (Adv. D.I. 1) (the "Complaint"), seeking to recover allegedly preferential and fraudulent transfers totaling $551,439.61 from B&T. The Bankruptcy Court's docket entry for the filing of the Complaint states, "AP Summons Served due date: 12/13/2021."

5. After filing the Complaint, counsel for the Trustee sent an email to counsel for B&T (the "First Email") stating, "Attached please find a time-stamped copy of the complaint filed today in this matter and let us know if you will accept

3

service of it on behalf of B&T." Counsel for B&T sent a response email to counsel for the Trustee (the "Second Email") stating, "Yes, I will accept service."

6. The parties' counsel exchanged many communications in the following months regarding B&T's position that the release contained in the Final DIP Order precluded the complaint. However, from the filing of the Complaint on September 14, 2021, through December 8, 2021, no further filings were made in the adversary proceeding. On December 8, 2021, the Trustee filed an Affidavit of Service (Adv. D.I. 3) (the "Service Affidavit"), whereby counsel for the Trustee stated that he caused a copy of the Complaint to be served on B&T. The Service Affidavit did not reference any summons. Federal Rule of Civil Procedure 4(m), made applicable to the Adversary Proceeding by Federal Rule of Bankruptcy Procedure 7004, required the Trustee to serve a summons on B&T by December 13, 2021. The Trustee did not file a summons with the Court and therefore did not serve a summons on B&T by the deadline.

7. On December 14, 2021, after the deadline for service of process had passed, a representative of the Bankruptcy Court reached out to the Trustee's counsel to inquire about the fact that a summons had not been filed and whether the Trustee intended to proceed with the case. The Trustee's counsel advised that B&T had accepted service of the Complaint on September 14, 2021. The court's representative asked the Trustee's counsel to submit an additional affidavit confirming that B&T agreed to waive the necessity of a summons.

4

8. Despite emails to B&T's counsel on December 15 and 16, 2021 seeking such a waiver, the Trustee did not obtain one. On December 17, 2021, B&T filed its Motion to Dismiss and brief in support, seeking to dismiss the Complaint in its entirety based on, *inter alia,* lack of personal jurisdiction (due to the failure to timely obtain and serve a summons) and the failure to state a claim upon which relief may be granted (based on the releases contained in the Interim DIP Order and the Final DIP Order). On January 14, 2022, the Trustee filed its opposition (Adv. D.I. 7). The Trustee argued that the Bankruptcy Court had broad discretion under Rule 4(m) to extend the time for service (*See id.* at 6). The Trustee further argued that while B&T was released "solely in their respective capacit[y]" as counsel to the Prepetition Lenders, the Complaint alleged claims against B&T in its capacity as counsel to the Debtors to recover preferential and fraudulent transfers from the Debtors, and that neither of the DIP Orders provided for a release of these claims. (*See id.* at 9). On January 28, 2022, B&T filed its reply in further support (Adv. D.I. 8), and on January 31, 2022, the Trustee filed a request for oral argument (Adv. D.I. 9).

9. On February 24, 2022, the Honorable Christopher S. Sontchi[2] entered the Order, denying the Motion to Dismiss "without prejudice" and granting the Trustee an additional "sixty (60) days from the date of this Order to properly

---

[2] In accordance with a subsequent Order issued on March 18, 2022, the Debtor's chapter 11 case (and Adversary Proceeding) was re-assigned to the Honorable Karen B. Owens. (B.D.I. 566).

5

effectuate service of process in accordance with Fed. R. Civ. P. 4, as made applicable to this proceeding by Fed. R. Bankr. P. 7004." (Order ¶¶ 1-2). The Order contains no further explanation.

10. On February 28, 2022, B&T was served with a summons and the Complaint, both by first class mail to its Delaware registered agent and by personal service upon a B&T partner in B&T's Wilmington, Delaware office.

11. On March 10, 2022, B&T appealed the Order. (Adv. D.I. 14). B&T seeks leave to appeal the interlocutory Order with respect to two issues: (1) whether the Bankruptcy Court erred in not dismissing the Complaint for lack of personal jurisdiction as a matter of law ("Jurisdiction Ruling"), and (2) whether the Bankruptcy Court erred in determining that B&T was not released in accordance with the express language of the Interim DIP Order and/or the Final DIP Order as a matter of law ("Release Ruling"). On appeal, B&T would argue that it is undisputed that the Trustee failed to obtain a summons from the Bankruptcy Court, and under controlling Third Circuit law, *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996), the Bankruptcy Court was required to dismiss the case. B&T argues that, without a summons, the Bankruptcy Court lacked personal jurisdiction over B&T, in which case "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day[3] service

---

[3] The Third Circuit's *Ayers* decision was issued in 1996, prior to the 2015 Amendment to Federal Rule of Civil Procedure 4(m) pursuant to which "[t]he

6

period should be granted under Rule 4(m)." (D.I. 3 at 7 (quoting *Ayers*, 99 F.3d at 569). "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is *fatal* to the plaintiff's case." *Ayers*, 99 F.3d at 569 (emphasis added).

12. **Jurisdiction.** This Court has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).[4]

13. Under the standards of section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness,

---

presumptive time for serving a defendant is reduced from 120 days to 90 days." Fed. R. Civ. P. 4 (advisory committee's notes to 2015 amendment). "This change, together with the shortened times for issuing a scheduling order set by amended Rule 16(b)(2), will reduce delay at the beginning of litigation." *Id.*

[4] *See also In re Philadelphia Newspapers, LLC,* 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli),* 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b).").

7

and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Further, leave for interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

14. **Discussion.** With respect to the first issue B&T seeks leave to appeal, I conclude that the Jurisdictional Ruling is appropriate for interlocutory review under 28 U.S.C. § 158(a)(3).

15. With respect to the first prong of the § 1292(b) analysis, the Order rules on a controlling question of law. "A controlling question of law must encompass at the very least every order which, if erroneous, would be reversible error on final appeal." *Katz*, 496 F.2d at 755. A "clear case" of a controlling question of law is "one which would result in a reversal of a judgment after final hearing." *Id.* The

8

underlying policy of this prong of § 1292(b) is to protect parties "from a possibly erroneous interlocutory order and the avoidance of possibly wasted trial time and litigation expense." *Id.* at 756.  Here, if it is determined that the Bankruptcy Court did not have personal jurisdiction over B&T, then the Complaint must be dismissed. The first prong of the § 1292(b) analysis is therefore satisfied. *See, e.g., Facebook Inc. v. Namecheap Inc.*, 2021 WL 961771, at *3 (D. Ariz. March 15, 2021) (certifying interlocutory appeal based on denial of motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2)); *Gilmore v. Jones*, 2019 WL 4417490, at *3 (W.D. Va. Sept. 16, 2019) (holding that denial of motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) would be a "controlling" question where all but one defendant would be dismissed if motion were granted, and citing *Katz*); *Astrazeneca AB v. Aurobindo Pharma Ltd.*, 2014 WL 7533913, at *1 n.1 (D. Del. Dec. 17, 2014) (granting motion for certification of interlocutory appeal based on denial of motion to dismiss for lack of personal jurisdiction).

16.  As to the second prong, there is also substantial ground for a difference of opinion as to the Jurisdictional Ruling.  This calls for more than mere disagreement with the ruling of the bankruptcy court.  To satisfy this standard, "the difference of opinion must arise out of genuine doubt as to the correct legal standard." *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195, 208 (D.N.J. 1996), *aff'd*, 141 F.3d 1154 (3d Cir. 1998).  This prong is also satisfied if "the bankruptcy court's

decision is contrary to well-established law." *In re Marvel Entm't Group, Inc.*, 209 B.R. 832, 837-38 (D. Del. 1997).

17.     To meet the second prong, B&T argues that the Order is contrary to well-established Third Circuit law in *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565 (3d Cir. 1996). In *Ayers*, a plaintiff filed a complaint against a Delaware law firm in this Court. *Ayres*, 99 F.3d at 566-67. However, the plaintiff failed to request or obtain a signed summons with a seal of the court. *Id.* at 567. The plaintiff then served the Delaware law firm with a copy of the complaint and an unsigned summons. *Id.* After several months, the Delaware law firm filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2). *Id.* This Court granted the motion to dismiss, finding that there was no justification for permitting an amendment to the unsigned summons or for extending the deadline for service under Rule 4(m). *Id.* The plaintiff appealed. On appeal, the Third Circuit affirmed the dismissal, but distinguished the basis for dismissal. "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons." *Ayres*, 99 F.3d at 569. The Court went on to state:

> A summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant. . . Upon proper motion, or if the defendant raises the matter in the responsive pleading, such suit should be dismissed under Fed.R.Civ.P. 12(b)(2). Thus, under such circumstances, it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120–day service period should be granted under Rule 4(m). Nor is it necessary for the

district court to characterize such improper issuance as showing a flagrant disregard for the rules. That sort of analysis is useful in determining under Rule 4(m) whether plaintiffs had good cause for their failure to make service within 120 days, but serves no purpose here.

*Id.* (internal citations omitted).

18.     The Trustee disagrees that *Ayers* presents any ground for disagreement with the Order here because, the Trustee argues, the Bankruptcy Court was well within the scope of its broad discretion under Rule 4(m) to extend the time for service (*See* D.I. 2 at 11-12). Rule 4(m) provides: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). As the Third Circuit has noted, "[u]pon determining that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). "However, dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id.* (citing *Richardson v. Ingram Corp.*, 374 F.2d 502, 503 (3d Cir. 1967), *cert. denied*, 389 U.S. 866 (1967). The Trustee cites a number of cases all for the

11

proposition that Rule 4(m) affords discretion to a court to extend a service deadline. (*See* D.I. 2 at 11-12).

19. But *Ayers* held that where a plaintiff fails to timely obtain a signed and sealed summons, an inquiry under Rule 4(m) serves no purpose. *Ayres*, 99 F.3d at 569. The cases cited by the Trustee do not contradict *Ayres*; rather, in each of the Trustee's cited cases, the plaintiff timely obtained a signed and sealed summons. *See Umbenhauer*, 969 F.2d at 28 (plaintiff obtained a summons); *Novak v. World Bank*, 703 F.2d 1305, 1308 n.8 (D.C. Cir. 1983) (same); *West v. Coupe*, 2018 WL 5004860, at *1 (D. Del. Oct. 16, 2018) (same); *Copia Communs., LLC v. AMResorts, L.P.*, 2017 U.S. Dist. LEXIS 94486 (E.D. Pa. June 20, 2017) (same); *Aviation Exch. Corp. v. Nightclub Mgmt. & Dev.*, 2009 WL 605397, at *1 (D. Del. Mar. 10, 2009) (same). Indeed, each of these cases focuses on service, and not on the lack of personal jurisdiction. These cases support an argument that if a summons is obtained and service is attempted but is unsuccessful, a court has discretion to extend the time for service. That is not the case here, where the Trustee failed to take a necessary step to invoke the Court's jurisdiction.

20. The Trustee asserts that B&T's arguments with respect to a lack of personal jurisdiction are a "distraction" because B&T is "unquestionably subject to personal jurisdiction in the District of Delaware" where it maintains offices and conducts regular business. (D.I. 2 at 2, 8). But the defendant in *Ayres* was also a law firm with offices in Delaware—just like B&T—and yet this fact did not create

12

personal jurisdiction. The *Ayres* court held that an unsigned and unsealed summons "fails to confer personal jurisdiction over a defendant even if properly served." *Ayres*, 99 F.3d at 570. So the failure to obtain and serve a summons, and acquire personal jurisdiction over B&T, is not a "distraction" but central to *Ayres*.

21.  In this case, just as in *Ayres*: the plaintiff failed to obtain a summons; the defendant was a law firm with an office in Delaware; the plaintiff served a copy of the underlying Complaint on the defendant without a signed and sealed summons; the defendant did not waive service of the summons; and the defendant filed a motion to dismiss under Rule 12(b)(2). Yet the Court in *Ayers* dismissed the Complaint at issue without consideration of an extension of time under Rule 4(m) concluding that the "good cause" analysis urged by the Trustee "serves no purpose here." *Ayres*, 99 F.3d at 569. The Order thus appears contrary to well-established law in *Ayers*.

22.  The Jurisdictional Issue arises not from a mere disagreement with the Bankruptcy Court's decision but rather a genuine doubt as to whether the court applied the correct legal standard. The second prong of the § 1292(b) analysis is also satisfied.

23.  Finally, with respect to the third factor for interlocutory appeal under § 1292(b), "courts place particular weight on whether immediate appeal will materially advance the ultimate termination of the litigation." *In re Paragon Offshore PLC*, 2020 WL 1815550, at *3 (D. Del. Apr. 9, 2020) (citation and internal quotations marks omitted). An interlocutory appeal "materially advances" the litigation if it

13

would "(1) eliminate[] the need for trial, (2) eliminate[] complex issues so as to simplify the trial, or (3) eliminate[] issues to make discovery easier and less costly." *Id.* (citation and internal quotation marks omitted). Here, immediate appeal of the Jurisdictional Ruling may eliminate the need for trial altogether. Moreover, exceptional circumstances are present. The Order provided no explanation as to why it diverged from *Ayres*. For the parties to continue litigating this matter, significant fees, costs, and expenses will be incurred. Moreover, this exact same issue—the applicability of *Ayres*—is likely to be raised at the conclusion of such litigation. Forcing the parties to proceed with litigation when there appears to be controlling law that definitively resolves the matter is an exceptional circumstance warranting leave to appeal.

24. Based on the foregoing, I conclude that the Jurisdictional Ruling is appropriate for interlocutory review.

25. With respect to the second ruling B&T seeks leave to appeal—whether "the Bankruptcy Court commit[ted] legal error in determining that B&T was not released in accordance with the express language of the Interim DIP Order and/or the Final DIP Order" (D.I. 1 at 8), which B&T refers to as the Release Ruling—I conclude that this ruling is inappropriate interlocutory review.

26. According to the Trustee, "B&T's position concerning the application of the underlying plan releases to the Trustee's claims in this case involves disputed issues of fact that are not appropriate for an interlocutory appeal (namely, and among

14

other possible factual issues, B&T claims to have been released in its capacity as counsel to a "Prepetition Lender," while the Trustee maintains that B&T received avoidable transfers directly from the Debtor in B&T's capacity as counsel to the Debtor). (D.I. 2 at 8-9). A proper interlocutory appeal "must concern a controlling question of law. A pure question of law is something the court of appeals could decide quickly and cleanly without having to study the record." *Gilmore v. Jones*, 2019 U.S. Dist. LEXIS 157329, at *9 (W.D. Va. Sep. 16, 2019). B&T disagrees that an appeal would involve any disputed issues of fact, citing cases in support of its contention that "interpretations of release provisions and court orders is a question of law." (D.I. 3 at 5-6).

27. As the Trustee correctly argues, the Release Ruling fails to satisfy the criteria of § 1292(b). There is no pure question of law involved. The Bankruptcy Court denied the Motion to Dismiss ***without prejudice*** and did not even address the release issue, possibly recognizing that it involved disputed questions of fact and that nothing would prevent B&T from seeking dismissal of the case on the basis of the releases once the factual record was further developed. I agree with the Trustee that, as such, there is no Release Ruling, and an interlocutory appeal of that aspect of the Order is not appropriate at this time.

\* \* \* \*

NOW, THEREFORE, it is HEREBY ORDERED that the Motion for Leave

(D.I. 1) is GRANTED in part, solely with respect to the Jurisdictional Ruling.

_____
UNITED STATES DISTRICT JUDGE